UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT CITY SURGICAL CENTRE OPERATING COMPANY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3314** |
| **HUMANA INSURANCE COMPANY AND OCHSNER CLINIC FOUNDATION** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Joint Motion to Dismiss or, in the Alternative, for Summary Judgment filed by defendants, Humana Insurance Company and Ochsner Clinic Foundation (Doc. #7) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff, Crescent City Surgical Centre Operating Company, is granted leave to file an amended complaint, which must be filed within fifteen days of the date of this order.

## BACKGROUND

This matter is before the court on a motion to dismiss, or alternatively, for summary judgment filed by defendants Humana Insurance Company and Ochsner Clinic Foundation. They argue that this matter should be dismissed because all of plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

Plaintiff, Crescent City Surgical Centre Operating Company, filed this action against Humana and Ochsner in the First Parish Court for the Parish of Jefferson, State of Louisiana seeking $9,605.62, plus interest, attorneys' fees and costs for the underpayment of an insurance claim.

Crescent City Surgical alleges that on, June 25, 2014, it provided medical services to Patient A.[1] Patient A was employed by Ochsner, and covered by Ochsner's self-funded health insurance plan for which Ochsner was the Plan Administrator and Humana was the Plan Supervisor. Before the procedure, Patient A executed an assignment of benefits, making Crescent City Surgical the assignee to all of Patient A's rights under the health insurance plan regarding claims related to that procedure.

Crescent City Surgical is an acute care hospital that is out-of-network under Ochsner's health plan. Pursuant to that plan, Ochsner agreed to pay fifty-percent of the reasonable and customary charges for Patient A's procedure at Crescent City Surgical, after the deductible was met. Patient A met his deductible prior to receiving treatment at Crescent City Surgical. Crescent City Surgical alleges that the reasonable and customary cost of Patient A's procedure was $38,245.63. Thus, Crescent City Surgical should have been paid $19,122.82. However, on August 22, 2014, Humana, acting as Ochsner's agent and Plan Supervisor, paid Crescent City Surgical $11,575.29 for Patient A's claim.

On March 26, 2015, Humana requested a refund from Crescent City Surgical in the amount of $2,947.80 in connection with Patient A's claim stating that there was an "over payment" under "125 medical record review." Crescent City Surgical alleges that on May 29, 2015, Humana reduced the amount owed to it on another patient's claim by $2,058.09 to recoup the purported overpayment on Patient A's claim. On August 3, 2015, Crescent City Surgical filed an appeal with Humana. On

---

[1] Crescent City Surgical states that the Patient Claim Number is 201407226189019 and the Account Number is 7730. Crescent City Surgical refers to the patient by the account number. The court will refer to the patient as "Patient A."

September 1, 2015, Human responded to the appeal stating that it maintained its original benefits determination based on benefits for surgical implants.

On November 20, 2015, Crescent City Surgical filed another appeal with Humana. On January 22, 2016, Humana responded that it upheld its original decision. On February 4, 2016, Crescent City Surgical filed yet another appeal with Humana.

On March 17, 2016, Crescent City Surgical filed this action against Humana and Ochsner in the First Parish Court for the Parish of Jefferson, State of Louisiana alleging that Humana, as Ochsner's agent, breached the health insurance contract by wrongfully recouping the subject funds because Humana was required to pay for the surgical implants. Crescent City Surgical contends that the plan provides for recouping funds by adjusting future benefits to Patient A, not by adjusting payments owed to it for services provided to another unrelated insured. Crescent City Surgical also alleges that Humana, as Ochsner's agent, breached the contract by failing to provide specific reasons for the adverse benefits determinations, the corresponding meaning of the denial code, as well as a description of the standard, a statement of the claimant's right to bring a civil suit, a statement of the claimant's entitlement to receive access to the documents relied on in making the determination, and the specific rule, guideline, protocol, or other criterion used to make such determination. Crescent City Surgical seeks a judgment in the amount owed on Patient A's medical bill ($7,547.53), plus the amount that was wrongfully recouped from Crescent City Surgical by reducing the payment made on another patient's bill ($2,058.09), along with interest, attorneys' fees and costs.

On April 18, 2016, Humana, with Ochsner's consent, removed this action to the United States District Court for the Eastern District of Louisiana alleging federal question subject-matter jurisdiction under 28 U.S.C. § 1331, because Crescent City Surgical's claims arise under ERISA.

Thereafter, defendants filed the instant motion to dismiss, or alternatively, for summary judgment, arguing that the complaint should be dismissed because all of Crescent City Surgical's state law claims are preempted by ERISA. Crescent City Surgical acknowledges that some of its claims arise under ERISA, but opposes the motion, arguing that it should be permitted to amend its complaint to more fully state its ERISA claims, and non-preempted state law claims. Defendants argue that the complaint should be dismissed because Crescent City Surgical did not allege any ERISA claims or state law claims that are not preempted by ERISA.

## ANALYSIS

Congress enacted ERISA "to provide a uniform regulatory regime over employee benefit plans[,]" and to protect the participants' interests "by setting out substantive regulatory requirements for employee benefit plans and [by providing] 'for appropriate remedies, sanctions, and ready access to the Federal courts.'" Aetna Health Inc. v. Davila, 124 S.Ct. 2488, 2495 (2004) (quoting 29 U.S.C. § 1001(b)). ERISA "includes an integrated system of procedures for enforcement" in § 502(a), which is "essential to accomplish Congress' purpose of creating a comprehensive statute for regulation of employee benefit plans." Id. "Therefore, any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Id.

Section 502(a)(1)(B) of ERISA provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1131(a)(1)(B). In Davila, the Supreme Court of the United States explained:

> if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other

4

>  independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

Id. at 2496 (internal quotations and citations omitted).

However, not all state law causes of action that relate to employee benefit plans are completely pre-empted by ERISA. "ERISA might preempt a state law cause of action by way of conflict-preemption (also known as ordinary preemption) under § 514." Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999). Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a). State law claims "relate to" an ERISA plan if "the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan" and "the claims directly affect the relationship among the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries." Woods v. Tex. Aggregates, L.L.C., 459 F.3d 600, 602 (5th Cir. 2006) (citation and quotation omitted).

Defendants argue that Crescent City Surgical pleaded only state law claims, and that they are subject to dismissal because they are preempted by ERISA. Crescent City Surgical agrees that ERISA preempts some of its claims and seeks leave of court under Rule 15(a) of the Federal Rules of Civil Procedure to file an amended complaint more clearly asserting its ERISA claims and state law claims that it contends are not preempted. The United States Court of Appeals for the Fifth Circuit has held that it is an abuse of discretion for a district court to dismiss a case involving only state law claims that are preempted by ERISA without first allowing the plaintiff to amend his complaint to add ERISA claims. See Adobbati v. Guardian Life Ins. Co. of Am., 213 F.3d 638 (5th Cir. 2000). Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice

5

so requires." Fed. R. Civ. P. 15(a). Therefore, Crescent City Surgical's is granted leave to amend its complaint, and defendants' motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion to Dismiss or, in the Alternative, for Summary Judgment filed by defendants, Human Insurance Company and Ochsner Clinic Foundation (Doc. #7) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff, Crescent City Surgical Centre Operating Company, is granted leave to file an amended complaint, which must be filed within fifteen days of the date of this order.

New Orleans, Louisiana, this 22nd day of June, 2016.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE